**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALESSA BUITRON,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

Defendant-Appellee.

No.     15-56165

D.C. No. 2:14-cv-03581-JCG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jay Gandhi, Magistrate Judge, Presiding

Argued and Submitted February 7, 2017
Pasadena, California

Before:  SCHROEDER, PREGERSON, and MURGUIA, Circuit Judges.

Alessa Buitron appeals the district court's decision affirming the

Commissioner of Social Security's denial of Buitron's application for child

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act.  To be eligible for the child's insurance benefits she seeks, the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

claimant must have a disability that began before the age of twenty-two. 42 U.S.C. § 402(d)(1)(B). Buitron claims disability due to depression, borderline intellectual functioning and learning disabilities, as well as attention deficit hyperactivity disorder ("ADHD"), with an onset date of June 1, 2005, when she was thirteen. She has engaged in no gainful employment since that time.

Our law is clear that an Administrative Law Judge ("ALJ") may not reject a treating doctor's opinion without providing specific and legitimate reasons for doing so. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). In his decision, after stipulated remand from the district court, the ALJ effectively rejected the opinions of Buitron's three treating or examining doctors. The first was Dr. Thurber, who saw Buitron fifteen times between 2008 and 2010. Dr. Thurber rated Buitron's skills as "poor to none" with respect to maintaining attention for two hours, making simple work-related decisions, and asking simple questions. Dr. Thurber described Buitron's condition after treatment for mood disorders as "still very impaired in adult life skills and social skills."

The ALJ in this case did not expressly reject Dr. Thurber's opinion, but he mischaracterized it as consistent with the opinion of the consulting examiner, Dr. Portnoff, who had opined that Buitron had at most moderate limitations. Their

2

opinions are not consistent. Dr. Thurber's opinion does not support a denial of benefits. Dr. Portnoff's opinion alone does not constitute substantial evidence.

Dr. Milestone, who succeeded Dr. Thurber as treating physician, diagnosed Buitron with Asperger's Disorder and Generalized Anxiety Disorder, noting she would often have deficiencies of concentration. Dr. Milestone rated Buitron's skills as "significantly limited but not precluded" with respect to maintaining attention for two hours. The ALJ similarly and incorrectly characterized this opinion as consistent with Dr. Portnoff's.

Dr. Witt, a clinical psychologist, evaluated Buitron after administering a battery of tests that indicated an IQ of 76 and depression, with attention impulsivity scores falling into a range of less than the first percentile of the population. He concluded that it was "unlikely" that she could "obtain employment and function effectively in a job environment" due to "interpersonal, behavior, and executive/processing difficulties." The ALJ discounted Dr. Witt's opinion of severe limitations by looking only to selective tests. Overall, the results of Dr. Witt's testing show severe dysfunction. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).

The ALJ did not provide legitimate reasons for disregarding the opinions of the treating or examining doctors. Moreover, the lay witnesses corroborated the

3

treating physicians' assessment of Buitron's inability to work, and the ALJ improperly discounted this factual testimony as biased. *See Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996) ("The fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony."); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) (An ALJ "must give reasons that are germane to each [lay] witness").

The parties stipulated to a remand from a previous appeal to the district court in order to amplify the record, and we must regard the record in this case as complete. The ALJ erred in discounting or mischaracterizing the evidence of the treating doctors, as well as the lay witnesses, whose opinions and testimony all support an award of benefits. Since further proceedings would not be useful, we conclude Buitron is entitled to benefits. *See Gallant v. Heckler*, 753 F.2d 1450, 1457 (9th Cir. 1984).

The judgment of the district court is therefore **REVERSED** and the case **REMANDED** with instructions to remand to the agency for calculation of benefits.